The judgment of the court was pronounced by
Preston, J.
The defendant was sued upon five promissory notes, to which it was alleged that he had made his mark. He suffered judgment by default to be rendered against him and confirmed, on proof that he had acknowledged his mark to four of the notes. The signature of the witness to the other was proved to be genuine, and that he was dead. He has appealed, on the ground that this was not sufficient proof of his mark to this note.
In the case of Desmukes et al. v. Musgrove, 7 N. S. 26, relied upon by his counsel, the handwriting of the witness to the writing offered in evidence was proved, and that he was dead. The court held that the evidence was not the best of which the case was susceptible, because “ the instrument was signed by the obligor,” and his signature should have been proved, for which purpose the case was remanded. Here the signature of the obligor could not be proved, because it was a mark.
In the case of Harris v. Patten and Wife, it is true that the obligor made his mark, but the witnesses were living, and the court gave as the leading reason for *685 rejecting the document, although the signatures of witnesses to it were proved, “that it was easy for the plaintiff, under our rules of practice, to annex the document he wished to prove to a commission, and to procure their evidence of its execution.” 2d Ann. 217.
It is to be observed, that the weight of authority in England and in our sister States is in favor of the principle that it is not necessary to prove the signature of the obligor to an instrument, after proving the signature of the subscribing witness, and that he is dead. Starkie on Evidence, part 2, p. 344. 1 John, cases, 230. 4 John, 461. 3 Burr, 192. 6 Burr, 45. 1 Harris & John, 337. 1 Haywood, 238. 2 Haywood, 27, 404. On questions of evidence it is desirable that uniformity of decision should exist in the different States; and although we will adhere to the decisions of our own courts in opposition to those of our sister States, we are not disposed to extend them to cases to which they do not apply.
The counsel next contends, on the authority of the case of Tagiasio et al. v. Molenari’s Heirs, 9 L. R. 521, that the plaintiff should have proved that the deceased witness was a man of honesty and general uprightness of conduct. We think, with the plaintiff’s counsel, that is to be presumed, until the contrary is at least suggested.
In all these cases it is moreover to be observed, that answers were filed, that the parties against whom the evidence was offered, objected to and strenuously opposed its introduction.
In this case the defendant sued upon a note which was genuine or forged, suffered a judgment by default to be given against him, and the evidence to be received without opposition. The evidence being before him, under these circumstances and probably knowing the parties, the district judge considered it conclusive that the amount of the note was due, as in Tagiasio's case, the document being admitted was decisive of the cause.
If the judgment of the district court had been otherwise, we would not have disturbed it, believing it a case peculiarly subject to his decision. We cannot say he erred, but, on the contrary, believed the note being in evidence without objection proved the debt; and if there was any pretext for the suggestion that it might not be genuine, more difficulty would have been made as to its introduction in evidence.
The judgment of the district court is affirmed, with costs.